Dear Mr. Haney:
Your inquiry of recent date prompts our review of the following legal issue:
 May the St. Martin Parish Police Jury remove a sitting member of the Water and Sewerage Board for Stephensville and Bell River without cause?
We respond affirmatively. First, note that the parish governing authority, i.e., the police jury, is empowered to create the aforementioned water and sewage board by LSA-R.S.33:7831, providing:
§ 7831. Creation and purpose.
 A. For the object and purpose of providing economy and efficiency in the furnishing of water, sewer, and sewage treatment or disposal within any area of any parish, outside the corporate limits of municipalities, parish governing authorities may, upon their own initiative, create water and sewer commissions (herein the "commission") and grant unto the commission the rights, powers, and authority herein described, including, but not limited to, the power of taxation, the power to incur debt and issue bonds and the power to assume the indebtedness (in the same manner provided by Subpart C, Part III, Chapter 4, Title 39 of the Louisiana Revised Statutes of 1950, as amended, for the assumption of district debt by parish governing authorities) of any underlying water or sewer district then existing. Such commissions shall be created by any parish governing authority upon request by governing of two or more existing parochial water and sewer districts, as evidenced by resolution adopted by the governing authority of each such district.
 B. Upon the creation of the commission and the fixing of its boundaries and jurisdiction, the commission shall be a political subdivision of the state of Louisiana, as defined in Article VI, Section 44 of the Constitution of Louisiana, with authority to plan, finance, construct, acquire, improve, operate, and maintain water, sewer, and sewage treatment or disposal improvements and facilities within its designated boundaries. (Emphasis added).
Second, the legislature has mandated that the police jury appoint the membership of the board of commissions of the parish water and sewage board in LSA-R.S. 33:7832:
§ 7832. Board of commissioners to govern;membership
 A. The commission shall be governed by a board of commissioners to be known as the "Board of Commissioners of the (with the parish name inserted) Parish Water and Sewer Commission" (the "Board"). The board shall be composed of not less than five, nor more than seven members and shall elect its officer which shall include a president, vice president(s), and secretary-treasurer. The secretary-treasurer may be, but shall not be required to be, a member of the board. All other officers shall be members of the board.
 B. Members of the board shall be appointed by the governing authority of the parish, provided, however, that the initial board members shall be appointed from the current membership of the waterworks boards and/or sewer boards affected by the creation of the commission, provided, however, that each such board shall have at least one member appointed from its current membership.
Third, the board members serve at the pleasure of the police jury, as provided in LSA-R.S. 33:7833:
§ 7833. Terms of office; vacancies
 The members of the board shall serve at the pleasure of the governing authority of the parish, except that the initial terms of office shall run for a period of two years from the date of appointment. An individual appointed to fill the vacancy occurring other than by reason of expiration of terms of office shall be appointed to serve only for the unexpired portion of the term. Members shall continue to serve until their successors have been appointed and have taken their oaths of office and filed the same in accordance with law. The board may establish and provide for such other officers, agents, and employees as it may deem necessary and appropriate for the accomplishment of its object and purpose, and define and fix the duties, terms, and compensation thereof. Each member of the board, with approval of the board, shall be entitled to receive a stated per diem and travel allowance not to exceed the sum of three hundred dollars per month. (Emphasis added).
We conclude that the power to appoint allowed the police jury encompasses the power to remove these commissioners because these individuals serve "at the pleasure of" the police jury. See LSA-R.S. 33:7833, above. As a consequence, we find no cause is required for a commissioner's removal.
However, note that pending a new appointment, the former commissioner must continue to serve pursuant to LSA-R.S. 42:2:
 § 2. Public officer to hold office until successor inducted
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
We hope the foregoing sufficiently answers your questions. Should you require additional information, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: June 18, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL